(158 App. Div. 660.)

### PEOPLE v. KOPPMAN.

(Supreme Court, Appellate Division, First Department. November 7, 1913.)

1. CRIMINAL LAW (§ 776\*)—GOOD CHARACTER OF ACCUSED—INSTRUCTIONS.

　　Defendant, who had introduced evidence of his good character, being entitled to an instruction that good reputation of itself may create a reasonable doubt where otherwise no doubt would exist, refusal of such an instruction, "further than I have already charged on that subject," where the jury have only been instructed to give that evidence "its just and proper weight and no more," is error.

　　[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1838–1845; Dec. Dig. § 776.\*]

2. CRIMINAL LAW (§ 1186\*)—HARMLESS ERROR—INSTRUCTIONS.

　　Error in refusing an instruction, to which defendant is entitled, that good character of itself may create a reasonable doubt where otherwise no doubt would exist is not technical, but substantial, and may not be disregarded, no matter how guilty defendant may appear on the record; the determination of his guilt or innocence being for the jury in the first instance after being properly instructed in the law.

　　[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3215–3219, 3221, 3230; Dec. Dig. § 1186.\*]

Appeal from Court of General Sessions, New York County.

Meyer Koppman was convicted of receiving stolen property, and appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Samuel Wechsler, of New York City, for appellant.

Charles S. Whitman, Dist. Atty., of New York City (Robert C. Taylor, of New York City, of counsel, and Stanley L. Richter, of New York City, on the brief), for respondent.

CLARKE, J. [1] There is but one question we feel called upon to discuss upon this appeal. The defendant, upon his trial, produced three witnesses who testified to his good character. In its charge the learned court instructed the jury as follows:

"On the part of the defendant you will consider the testimony of the defendant himself, consider the testimony of Harry Stone, Nicholas Grunfast, and Max Coldman, called here as character witnesses. * * * On the subject of the character evidence, I ought to say to you that such testimony is always received in criminal trials. It is relevant to the issue, and the jury must consider it in connection with all the evidence in the case. It is to be given by the jury its just and proper weight and no more. The question involved here is not whether Meyer Koppman is a man of good reputation or of

good character. The question is whether he committed this crime, and upon that subject you may consider the evidence of his previous reputation. A man may have a good reputation and the good favor of the community as to his integrity and honesty and yet commit a crime. If he does commit a crime, the fact that he has a good character and the favor of the community does not absolve him from the consequences of his act. Consider the testimony of good character, therefore, in its proper light, give it its proper relation upon the subject whether the defendant committed this offense which is laid at his door."

Thereupon counsel for the defendant stated:

"I ask your honor to charge the jury that good reputation of itself may create a reasonable doubt where otherwise no doubt would exist. The Court: I decline to charge further than I have already charged upon that subject"—

to which an exception was taken.

The learned court had charged nothing upon that subject. He had stated:

"It is to be given by the jury its just and proper weight and no more."

The request by the defendant's counsel was propounded for the purpose of having the jury instructed what, under the law, that just and proper weight was which they were instructed to give to it, and this the court declined to do. People v. Bonier, 179 N. Y. 315, 72 N. E. 226, 103 Am. St. Rep. 880, was a murder case. Judge Vann said:

"A careful review of the testimony has led us to the conclusion that the verdict was not against the weight of evidence, and that it should not be disturbed, unless some error, duly raised by exception, was committed during the trial of such a nature as to give rise to the presumption that the defendant suffered prejudice therefrom. Evidence was given by witnesses called in behalf of the defendant tending to show that his general reputation from the speech of people, in the community where he had lived for many years, was good and that they had never heard anything against him. No evidence was given in behalf of the people in relation to his reputation or character. In charging the jury upon this subject, the court said: 'You will take into account the evidence of these two witnesses who testified in behalf of the defendant with reference to his character. They said they had known him, one of them eight months or nine months, and made an investigation of his character and standing, or his reputation perhaps would be better, and so far as he learned it was good and he so reported. The other gentleman had known him some time, and, so far as he knew, his reputation was good. You have a right to take that into account. He was at liberty to swear six witnesses. He was under no obligation to do so, but he might have done so. It is proper for you to take into account the fact that these witnesses have testified that he was a person of good reputation in the community where he lived, for the purpose of discrediting the weight and probability of the circumstances sought to be established, and in addition to create a probability of innocence. No matter what his standing might have been in the community where he lived in the past, he might yet be guilty. So you will observe it is proper to be taken into account by you as bearing upon the probability as to whether or not he is guilty of the crime charged in the indictment.' * * * The following extract from the record sets forth three consecutive requests to charge presented by the counsel for defendant, the action of the court thereon, and an exception taken to the final ruling: 'Mr. Murphy: I ask your honor to charge that, in the absence of any testimony upon the subject of character, the presumption is that the defendant's character is good. The Court: That is true. Mr. Murphy: I ask your honor to charge that there is testimony in this case, and that if the jury believe it, believe the testimony of these witnesses upon the subject of the defendant's character, that that is proof conclusive of good character. The Court: Yes, on that subject I should think so. I will charge it. Mr. Murphy: Now, I ask your honor to charge the jury that

the presumption which arises as to the defendant's good character, both from the failure to attack it and from the testimony given, may of itself be sufficient to raise a reasonable doubt as to the defendant's guilt.  The Court: That I deny.  The jury should consider the evidence of good character for the purposes mentioned.  Mr. Murphy:  I except.' "

After reviewing Cancemi v. People, 16 N. Y. 501, 506, Remsen v. People, 43 N. Y. 6, and People v. Elliott, 163 N. Y. 11, 57 N. E. 103, Judge Vann continued:

"It is therefore the law that evidence of good character may of itself create a reasonable doubt, when without it none would exist, and that upon the request of the accused the jury should be told that such evidence, in the exercise of their sound judgment, may be sufficient to warrant an acquittal, even if the rest of the evidence should otherwise appear conclusive.  *  *  *  The instruction asked was of great moment to the defendant, confronted, as he was, with a strong case against him.  Whether his character was good was for the jury to decide, but they were not permitted to give the full effect to that fact, if they found it, which the law authorizes.  An innocent man may be so surrounded by adverse circumstances that his only reliance is his naked denial, which ordinarily has but little weight, and proof of good character, which may have great weight.  We think that the charge, as a whole, tended to mislead the jury as to the effect which they might give to such evidence. The body of the charge did not cover the point, as the jury were there told that they might consider good character for two purposes: First, to discredit the weight and probability of the circumstances sought to be established; and, second, to create a probability of innocence.  In response to a distinct request for an instruction that good character may of itself be sufficient to raise a reasonable doubt, the court denied the proposition of law embraced in the request but charged that the jury should consider the evidence for the purposes mentioned, apparently meaning the two distinct purposes mentioned eo nomine in the body of the charge.  No attempt was made to instruct the jury as to the weight which good character may have, independent of any other evidence, and this was the main chance of the defendant.  *  *  *  What the defendant asked and should have had was an instruction that such evidence of itself might raise a reasonable doubt.  He did not get it.  The jury decided the case without knowing the law.  The effort to have them told what the law was upon a vital point met with a denial.  They went to the jury room not only uninformed but, as they may have understood the words of the court, misinformed as to their power.  We cannot say judicially that they would have found as they did if they had been properly instructed, and hence we cannot overlook the error under section 542 of the Code of Criminal Procedure.  *  *  *  However clear the guilt of the defendant may appear to be, it is our duty to reverse the judgment of conviction and order a new trial, not in the exercise of our discretionary power, but in obedience to the command of law."

In People v. Conrow, 200 N. Y. 356, 362, 93 N. E. 943, 945, the Court of Appeals again reviewed the cases on this subject and said:

"The defendant was entitled to have the jury charged substantially as requested by his counsel, that in the exercise of sound judgment they might give the defendant the benefit of the presumption of innocence that arises from good character, no matter how conclusive the other testimony appeared to be."

It is not necessary to cite further because under the established law of this state the defendant was absolutely entitled to have the jury instructed as requested by his counsel.  When they were told that they were to give that evidence "its just and proper weight and no more," and when the court was asked to define what that just and proper weight was, to wit, "that good reputation of itself may create a reason-

able doubt where otherwise no doubt would exist," and the court declined to so charge, the jury was in effect charged that good reputation of itself would not create a reasonable doubt where otherwise no doubt would exist.

[2] The error was not technical but substantial; it was one we are not warranted in overlooking. No matter how guilty a defendant may appear to be upon a record presented to a reviewing court, the determination of his guilt or innocence is for the jury in the first instance, after having been properly instructed in the law. If the trial court falls into such obvious and substantial error, violates a rule so carefully and clearly and frequently laid down by the appellate courts, the verdict so illegally obtained cannot be permitted to stand.

The judgment appealed from must be reversed, and a new trial ordered. All concur.